# FRANCISCO M. DE ANDINO, TRUSTEE OF SUCESORES DE D. PERAZA & COMPANY, Complainant,

## *v.*

# MATEO DE LA ROSA HERNANDEZ, Dft.

---

San Juan, Equity, No. 1110.

BANKRUPTCY.

Private Document Destroyed—Superseded by Public Document.

In a bankruptcy proceeding if it appears that there was a private document signed and executed but never placed upon record and it was afterwards destroyed, and in place thereof a formal deed was executed one week only before the filing of the voluntary petition in bankruptcy, the prior transaction is itself null and void and should be disregarded.

Opinion filed June 21, 1922.

De Andino v. Hernandez.

*Mr. A. R. de Jesus* for plaintiff.

*Mr. E. B. Wilcox* for defendant.

ODLIN, Judge, delivered the following opinion:

The bill in this case was filed on January 12, 1922, by the trustee in bankruptcy of a partnership comprising Casimiro Peraza and Esteban L. Catarineu, doing business under the firm name and style of Sucesores de D. Peraza & Company. The defendant in the bill is Mateo de la Rosa Hernandez, and it is alleged that the mother of the said Catarineu departed this life on February 25, 1921, shortly before the voluntary petition in bankruptcy was filed on March 9, 1921. It is also alleged that before the death of his mother the said Catarineu lost his father and inherited as heir of his father a one-sixth interest in certain real estate in Porto Rico described in the bill; and it is further alleged that as the heir of his mother the said Catarineu acquired an additional one-twelfth undivided interest in the same real estate. It is further alleged that the said defendant is the father-in-law of the said Catarineu and that for a considerable period of time prior to March, 1921, the said defendant had actual knowledge of the insolvent condition of the said Catarineu, and of the partnership of which the latter was a member. It is further alleged in the bill that the liabilities of the partnership greatly exceeded its assets, and that the only property which the said Catarineu owned individually was his interest in the real estate mentioned in the bill. It is further alleged that on the same day when the said Catarineu verified the voluntary petition in bankruptcy he executed and

delivered to the defendant a deed covering his interest in the real estate for the price of $800, and it is claimed that this price was simulated and not genuine. The purpose of the bill is to have this conveyance of real estate annulled as being a fraud upon the creditors of the said bankrupt firm. It appears that these creditors have claims which have been allowed exceeding $3,700, and that the assets of the bankrupt firm in the hands of the complainant as trustee are under $1,000.

The defendant's answer contains a denial on the part of the defendant that he had any actual knowledge of the business affairs of the bankrupt firm, or of the affairs of his son-in-law Catarineu; denies also any knowledge of the attachments which had been levied by certain creditors upon the establishment of the bankrupt firm, until after the purchase of the real estate referred to in the bill; also claims that the defendant did not know and did not have any reason to know that the bankrupt firm was indebted in the sum of several thousand dollars; also alleges that the defendant did not know and did not have any reason to know that the said Catarineu, as a member of the bankrupt firm, was bound to pay the debts of the partnership in case the partnership assets were insufficient; and also alleges ignorance of the fact that the property of Catarineu outside his share in the partnership consisted solely of the real estate described in the bill. The defendant in his answer admits that Catarineu on March 2, 1921, executed a deed in favor of the defendant, which deed purported to sell and transfer to the defendant all the rights which Catarineu had in an inheritance from his mother, but the defendant claims that the sale of these rights had been made previously for a valuable consideration, viz.: the sum of $800 in currency, and that this price was actu-

al' and not simulated. The answer further denies all the allegations of fraud as set forth in the bill and claims that the defendant himself was at the time of the transaction, and is now, the bona fide owner of the said real estate described in the deed executed by Catarineu.

The evidence presented by the defendant is not satisfactory to this court, for the reasons following. It is quite clear that a certain check was issued by the defendant in the month of January of 1919 in favor of his daughter, who is the wife of the said Catarineu, and that this check was for the sum of $644.58. The defendant testified that the difference between $644.58 and the $800 claimed to be the price of the real estate was at the same time delivered to the lady in currency. But the trouble with this defense is that in the month of January of 1919 the mother of Catarineu was living, and that Catarineu could have nothing but a future contingent interest in her real estate. The mother lived for more than two years after this transaction in January of 1919, and she might have sold her real estate at any time during those two years. This attempted or pretended transaction in January of 1919 testified to by the defendant is expressly prohibited by § 1238 of the Civil Code of Porto Rico. This section is identical with § 1271 of the Civil Code of Spain. The distinguished commentator Manresa in volume 8 of his Commentaries on the Civil Code at pages 618 and 619 tells us very plainly that future inheritances cannot be the object of contracts except in those cases expressly authorized by the Civil Code itself. Where the object of a contract is a future inheritance, pure and simple, and not any division of the estate among all those living interested in it, as provided in § 1023 of the same Civil Code of Spain, such con-

tract is null and void as contrary to law. The testimony offered by the defendant shows that at the time of this transaction in January of 1919 there was a private document signed and executed but never placed .on record, and the defendant admits that it was destroyed when the formal deed of March 2, 1921, was executed, and which was placed upon record. This court is obliged to hold that this later deed is null and void because it was executed one week only before the filing of the voluntary petition in bankruptcy. And the court is obliged to hold that the transaction of January of 1919 was null and void because violative of the provisions of the Civil Code in force here in Porto Rico.

It is therefore Ordered, Adjudged, and Decreed that all the interest of the said Esteban L. Catarineu in and to the real estate described as follows; to wit:

"Rural estate denominated 'Botijas' in the wards of Mariana y Santiago y Lima at Naguabo, Porto Rico, with a surface of 207 acres (cuerdas) that is to say 81 hectareas, 35 areas and 97 centiareas bounded as follows: by the north with Nicolas Matos and Canuto Centeno; by the east with Martin Andreu and Felipe Pedrasa; by the south with the road leading to Ceiba and by the west with the estate denominated San Cristobal."

The said farm is recorded in the name of Carmen Davila Geigel and her children Francisco, Bandilia, Carmen, Esteban and Arcadia Catarineu Davila and her granddaughter Carmen Aldrey Catarineu in the Registry of Property of Humacao, Porto Rico, at page 57, volume 4 of Naguabo.

Rural estate denominated "San Rafael" located in the wards of Maizales y Santiago y Lima of Naguabo, Porto Rico, con-

### De Andino v. Hernandez.

sisting of 40.08 acres (cuerdas) equivalent to 15 hectareas, 75 areas and 30 centiareas. Bounded as follows: by the north with Canuto Centeno and Santos Matos; by the south with Sucesion Catarineu; by the east with Juan D. Cruz and Canuto Centeno and by the west with Central San Cristobal.

The said farm is recorded in the Registry of Property of Humacao, Porto Rico, in the name of Carmen Davila Geigel and her children Francisco, Baudilia, Carmen, Esteban and Arcadia Catarineu Davila and her granddaughter Carmen Aldrey Catarineu at page 135, volume 12 of Naguabo, shall be deemed assets of the said Esteban L. Catarineu in the hands of the complainant Francisco M. de Andino as trustee of the Sucesores de D. Peraza & Company. And it is further ordered that said trustee shall hold said interest in said real estate subject to the further order of this court. And it is further ordered that the said trustee, complainant herein, recover of and from the defendant Mateo de la Rosa Hernandez the costs of this proceeding, to be taxed by the clerk of this court.